UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGETT ANTAYA,
    Plaintiff,

-vs.-

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
TRANS UNION, LLC,
a Delaware limited liability company, and
NATIONSTAR MORTGAGE, LLC,
a Delaware limited liability company,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, BRIDGETT ANTAYA, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA**, who for her Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Charlevoix County, Michigan.

3. Venue is proper in the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the City of East Jordan, Charlevoix County, Michigan.

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Wayne County, Michigan;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan; and

   c. Nationstar Mortgage, LLC ("Nationstar"), which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

6. Nationstar is reporting its trade line with account number 60151**** (the "Errant Trade Line") to Plaintiff's Trans Union credit file with an incorrect account status of Open-Derogatory and Monthly Payment of $499. Further, Nationstar is reporting its Errant Trade Line to Plaintiff's Experian credit file with an incorrect balance of $64,230 and monthly payment of $499.

7. Ms. Antaya fully paid the account that is the subject of the Errant Trade Line through her Chapter 13 Bankruptcy.

8. On May 29, 2012, Ms. Antaya's Amended Chapter 13 Bankruptcy Plan was confirmed. The Amended Bankruptcy Plan expressly incorporated the terms of a stipulated order resolving Bank of America's objection to a previously filed bankruptcy plan.

9. The stipulated order resolving Bank of America's objection provides that the mortgage held by Bank of America would be extinguished, terminated, and discharged upon successful completion of the Amended Bankruptcy Plan.

10. On January 3, 2013, a Notice of Transfer of Claim Other Than for Security was filed transferring the alleged Debt from Bank of America to Nationstar.

11. On July 18, 2016, Ms. Antaya successfully completed the Amended Bankruptcy Plan.

12. On August 10, 2016, Ms. Antaya received a discharge of bankruptcy after completing all plan payments as agreed.

13. On June 23, 2017, Ms. Antaya obtained her credit files and noticed Nationstar reporting its Errant Trade Line with an incorrect balance, monthly payment and status.

14. On July 24, 2017, Ms. Antaya submitted a letter to Experian and Trans Union disputing the Errant Trade Line. In these dispute letters, Ms. Antaya explained that the account was paid and discharged in her Chapter 13 Bankruptcy, and attached a copy of her Chapter 13 Bankruptcy Plan, Court Notice of Transfer Claim, and Order of Discharge. Ms. Antaya asked the credit bureaus to remove the balance, monthly payment and correct the status of the Errant Trade Line.

15. Upon information and belief, Experian and Trans Union transmitted Ms. Antaya's consumer dispute to Nationstar.

16. On or about August 10, 2017, Ms. Antaya received a request for proof of her current mailing address. Trans Union requested two forms of verification from Ms. Antaya.

17. Ms. Antaya did not receive Experian's investigation results, so she obtained her Experian credit file on September 5, 2017, which showed that Nationstar continued to report an incorrect balance and monthly payment on the Errant Trade Line.

18. Ms. Antaya did not receive Trans Union's investigation results, so she obtained her Trans Union credit file on September 27, 2017, which showed that Nationstar continued to report an incorrect monthly payment and status on the Errant Trade Line.

19. To date, Ms. Antaya has not received investigation results from any of the credit bureaus.

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the FCRA, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONSTAR**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by the Experian and Trans Union of Ms. Antaya's consumer dispute to the Errant Trade Line, Nationstar negligently failed to conduct a proper investigation of Ms. Antaya's dispute as required by 15 U.S.C. § 1681s-2(b), and negligently failed to direct Experian and Trans Union to remove the incorrect balance, monthly payment and status Ms. Antaya's credit files.

23. Nationstar negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its investigation as required by 15 U.S.C. § 1681s-2(b).

24. The Errant Trade Line is inaccurate and creates a misleading impression regarding Ms. Antaya's consumer credit files with Experian and Trans Union to which Nationstar is reporting the Errant Trade Line.

25. As a direct and proximate cause of Nationstar's negligent failure to perform its duties under the FCRA, Ms. Antaya has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Nationstar is liable to Ms. Antaya by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

27. Ms. Antaya has a private right of action to assert claims against Nationstar arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFFS PRAY** that this court grant her a judgment against the Defendant Nationstar for damages, costs, interest and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONSTAR

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by the Experian and Trans Union that Ms. Antaya disputed the accuracy of the information it furnished, Nationstar willfully failed to conduct a proper investigation of Ms. Antaya's dispute, and willfully failed to direct Experian and Trans Union to remove the incorrect balance, monthly payment and status Ms. Antaya's credit files.

30. Nationstar willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 U.S.C. § 1681s-2(b).

31. As a direct and proximate cause of Nationstar's willful failure to perform its respective duties under the FCRA, Ms. Antaya has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. Nationstar is liable to Ms. Antaya for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and they may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant her a judgment against Nationstar for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding rs. Antaya as that term is defined in 15 U.S.C. § 1681a.

35. Such reports contained information about Ms. Antaya that was false, misleading and inaccurate.

36. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Antaya, in violation of 15 U.S.C. § 1681e(b).

37. After receiving Ms. Antaya's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

38. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Antaya has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Experian is liable to Ms. Antaya by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant her a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Antaya as that term is defined in 15 U.S.C. § 1681a.

42. Such reports contained information about Ms. Antaya that was false, misleading and inaccurate.

43. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Antaya, in violation of 15 U.S.C. § 1681e(b).

44. After receiving Ms. Antaya's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

45. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Antaya has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

46. Experian is liable to Ms. Antaya by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Antaya as that term is defined in 15 U.S.C. § 1681a.

49. Such reports contained information about Ms. Antaya that was false, misleading and inaccurate.

50. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Antaya, in violation of 15 U.S.C. § 1681e(b).

51. After receiving Ms. Antaya's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

52. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Antaya has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

53. Trans Union is liable to Ms. Antaya by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

### COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

54. Plaintiffs reallege the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Antaya as that term is defined in 15 U.S.C. § 1681a.

56. Such reports contained information about Ms. Antaya that was false, misleading and inaccurate.

57. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Antaya, in violation of 15 U.S.C. § 1681e(b).

58. After receiving Ms. Antaya's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required under 15 U.S.C. § 1681i.

59. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Antaya has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

60. Trans Union is liable to Ms. Antaya by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                                    Respectfully submitted,

September 29, 2017        /s/ Gary Nitzkin
                                    GARY D. NITZKIN (P41155)
                                    TRAVIS SHACKELFORD (P68710)
                                    CARL SCHWARTZ (P70335)
                                    CREDIT REPAIR LAWYERS OF AMERICA
                                    Attorneys for Plaintiff
                                    22142 West Nine Mile Road
                                    Southfield, MI 48033
                                    (248) 353-2882
                                    Fax (248) 353-4840
                                    Email – gary@crlam.com